IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. VICARI,             No. C 09-5238 SI

     Plaintiff,                   **ORDER TO SHOW CAUSE**

   v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

     Defendant.
                                       /

      The parties filed cross-motions for summary judgment on this Social Security appeal. Having considered the parties' papers and the administrative record, the Court hereby ORDERS the parties to SHOW CAUSE why the Court should not remand this case for a hearing on plaintiff's eligibility for Disabled Adult Child ("DAC") benefits under Title II of the Social Security Act.

      Plaintiff Michael J. Vicari applied for DAC benefits in 2006, when he was in his mid-twenties. His initial DAC application and reconsideration request were denied on the ground that plaintiff failed to meet his burden to demonstrate that his mental impairments were "severe" before he turned twenty-two on August of 2003. *See* AR 96, 50, 54, 55.[1] Plaintiff subsequently requested a hearing before an ALJ regarding his DAC application. Because of an apparent mistake, the ALJ did not actually assess plaintiff's DAC eligibility at the hearing. *See* AR 17-18, 30-47. Instead, the ALJ spent the entire hearing assessing plaintiff's eligibility for Supplemental Security Income ("SSI") under Title XVI of

---

[1] DAC applicants who are older than twenty-two must show, *inter alia*, that they are presently disabled and have been continuously disabled since before their twenty-second birthday. 42 U.S.C. § 402(d)(1)(B)(ii); 20 C.F.R. § 404.350. A disability is generally defined as a "severe impairment." 42 U.S.C. § 1382c(a)(3)(A). Unless the "impairment is expected to result in death, it must have lasted or be expected to last for a continuous period of at least 12 months" to be severe. 20 C.F.R. § 404.1509.

the Act.[2] *Id.* The ALJ discovered the mistake after the hearing, and allowed plaintiff to submit a post-hearing brief on his DAC claims. AR 17-18. The ALJ ultimately denied DAC benefits to plaintiff. AR 14.

Neither party moves to remand the case for a hearing on plaintiff's DAC eligibility. However, the Court finds that remand may be appropriate to allow plaintiff to argue his case and for the ALJ to fully consider the evidence regarding the onset date of plaintiff's disability. That evidence includes an April 2004 note from plaintiff's psychiatrist which states that plaintiff's bipolar and obsessive compulsive disorder commenced "ten yrs ago." AR 506. It would also include a seemingly relevant incident that occurred in late 2002, in which plaintiff destroyed his computer. AR 207. Those two pieces of evidence were not directly addressed in the ALJ's written opinion and potentially contradict the ALJ's conclusion that prior to plaintiff's twenty-second birthday in 2003, the record only shows incidents of mental disturbance from 1997-2001 and that plaintiff's treatment notes from April 3, 2002 through July 3, 2003 "consistently indicated plaintiff was making excellent progress." AR 22.

The parties are hereby <u>ORDERED TO SHOW CAUSE</u>, why this case should not be remanded to the Social Security Administration for an ALJ hearing on plaintiff's Disabled Adult Child eligibility. The parties' briefs shall not to exceed five pages and shall be filed no later than February 24, 2012.

**IT IS SO ORDERED.**

Dated: February 13, 2012

SUSAN ILLSTON
United States District Judge

---

[2] By way of background, plaintiff applied for SSI around the time he applied for DAC. His SSI application was denied on the technical ground that he had resources in excess of the $2000 limit due to joint ownership of his mother's IRA accounts. AR 17, 89-90. The record indicates plaintiff never appealed the initial denial of his SSI application. AR 17-18.

2