IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. VICARI, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br><br> Defendant. _____/ | No. C 09-05238 SI <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** |

Plaintiff has filed a motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Having considered the papers submitted, and for good cause shown, plaintiff's motion is DENIED.

**BACKGROUND**

On December 4, 2006, plaintiff filed two applications for social security benefits: one for Disabled Adult Child benefits ("DAC") under Title II of the Social Security Act[1] based on the earnings record of his father, AR 96; and another for Supplemental Security Income ("SSI") under Title XVI of the Act.[2] AR 89.

---

[1] Under the Social Security Act, DAC benefits are available for a disabled child of a person who is deceased or who is drawing Social Security disability or retirement benefits. The applicant only qualifies if the applicant became disabled before age 22. *See generally* 42 U.S.C. § 402.

[2] Disabled persons qualify for SSI if they meet specified income, asset, living arrangement and marital status qualifications. *See* 42 U.S.C. §§ 1381-1383f; 20 C.F.R. §§ 416.101-416.2227.

1  Plaintiff's initial application for DAC benefits stated that plaintiff became disabled on the date
2 of filing, December 4, 2006, and therefore was not disabled prior to his 22nd birthday. AR 96-97, 162.
3 At a later date, plaintiff amended the onset date to allege continuous disability since before age 22 – the
4 relevant statutory trigger for DAC. AR 162.[3]

5  Plaintiff's DAC application was denied on January 30, 2007, and reconsideration was denied
6 on July 20, 2007. AR 50, 54, 55. On September 26, 2007, plaintiff requested a hearing before an
7 Administrative Law Judge ("ALJ") on his DAC eligibility. AR 63.

8  Plaintiff's SSI application was denied on the ground that plaintiff had resources in excess of the
9 $2,000 limit because he jointly owned his mother's IRAs. AR 17, 89-90. The plaintiff took no steps
10 to appeal that denial. *See* AR 17-18.

11  A hearing occurred before an ALJ on January 22, 2009. AR 17, 30-47. Plaintiff appeared at the
12 hearing with counsel and testified. Although plaintiff requested a hearing only on DAC eligibility, there
13 was confusion at the hearing, and plaintiff's counsel erroneously requested and the ALJ conducted a
14 review of plaintiff's SSI eligibility. *Compare* AR 63 (hearing application) *with* AR 46 (hearing
15 transcript) *and* AR 154 (pre-hearing written argument). At the end of the hearing, the ALJ found
16 plaintiff was entitled to SSI benefits due to "[s]evere impairments [from] anxiety related disorders, bi-
17 polar, [and] obsessive compulsive disorder" recognized under listing 12.06 of 20 C.F.R. § 404, Subpt.
18 P, App. 1. AR 46. After the ALJ announced a decision from the bench granting SSI benefits it was
19 discovered that the hearing was supposed to address DAC benefits. AR 18.

20  Once the ALJ discovered the mix-up, the ALJ held a post-hearing conference off the record with
21 plaintiff's attorney to discuss "the possibility of holding the record open to fully evaluate, and if
22 necessary, develop the record to assess disability prior to the [plaintiff's] 22nd birthday. In response,
23 [plaintiff's] attorney submitted a post-hearing argument." AR 18.[4] Plaintiff never had a hearing before
24 an ALJ on his DAC eligibility. On February 3, 2009, the ALJ issued a written decision denying the

---

[3] Plaintiff's attorney requested amendment of the disability onset date to January 27, 1997, however, the ALJ's written decision and Notice of Appeals Council Action evaluated the onset for plaintiff's disability as of July 31, 2003. AR 1, 18, 22, 162.

[4] The record contains no transcript of these post-bench decision discussions.

2

DAC claim. AR 14-23. Because plaintiff's hearing request did not include an appeal of his SSI claim, the ALJ revoked his prior bench decision granting SSI benefits for lack of jurisdiction. AR 18.

On September 8, 2009, the Appeals Council denied plaintiff's review request, making the February 3, 2009 decision the Commissioner's final decision regarding the DAC claim. Plaintiff then sought judicial review in this Court.

Plaintiff filed a motion for summary judgment on August 18, 2010. The government subsequently filed a cross motion for summary judgment on September 16. On February 13, 2011, this Court issued an order, *sua sponte*, to show cause as to why the Court should not remand "to allow plaintiff to argue his case and for the ALJ to fully consider the evidence regarding" plaintiff's DAC claim. Order to Show Cause, Dkt. 19. The parties filed timely responses, but they did not address the Court's question of whether plaintiff received the process he was entitled to. Responses, Dkts. 20, 21. This Court subsequently denied both plaintiff's and defendant's motions for summary judgment and remanded the case to the ALJ to hold a hearing regarding plaintiff's DAC claim and to allow the ALJ to fully consider the evidence regarding the onset of plaintiff's disability. Order Denying Mots. for Summary Judgment. ("Order"), Dkt. 22 at 10. Plaintiff now moves for an award of attorneys' fees under the EAJA.

## LEGAL STANDARD

Under section 2412(d) of the EAJA, reasonable attorneys' fees and costs may be awarded to the prevailing party in a civil action against the United States, including a proceeding for judicial review of an agency action. *See* 28 U.S.C. § 2412(d). The plaintiff is entitled to attorneys' fees and costs unless the Court finds that the position of the United States was substantially justified. *See id.* In *Pierce v. Underwood*, the Supreme Court defined "substantially justified" as "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). When an ALJ's decision is reversed on the basis of procedural errors, the question is not whether the government's position as to the merits of the plaintiff's claim was substantially justified. *See Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008). "Rather, the relevant question is whether the government's decision to defend on appeal

3

the procedural errors committed by the ALJ was substantially justified." *Id.* The language of the EAJA creates a presumption in favor of awarding attorneys' fees, and therefore the burden of establishing substantial justification is placed with the government. *United States v. 313.34 Acres of Land, More or Less, Situated in Jefferson County, State of Wash.*, 897 F.2d 1473, 1477 (9th Cir. 1989); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). However, the government's position need not be correct to be substantially justified. *See Pierce v. Underwood. See* 487 U.S. at 566 n.2.

**DISCUSSION**

Plaintiff argues he is entitled to attorneys' fees and costs under the EAJA based on this Court's March 8, 2011 Order, which plaintiff claims:

> reversed and remanded the ALJ's final decision for two (2) reasons. First . . . the ALJ erred by virtue of his 'failure to hold a hearing on plaintiff's eligibility for DAC [Disabled Adult Child] benefits [because it] raises the concern that plaintiff did not get the process to which he is statutorily entitled.' Second, [this] court opined that remand was appropriate 'because evidence in the record casts doubt on some of the ALJ's conclusions.' . . . This court determined that contrary to *both* Ninth Circuit case law *and* Agency policy, the ALJ erred.

Pls. Mem., Dkt 24 at 3, 4, quoting Order, Dkt. 22 at 8-10, 3-4 (emphasis in original). Plaintiff asserts the ALJ's errors "[were] in direct conflict with Ninth Circuit precedent, as well as binding Agency policy," and therefore, as a matter of law, the government could not have been substantially justified in defending the ALJ's position on appeal. Pls. Mem. at 3, *citing Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995). Plaintiff then asserts that "because the position of the United States was not 'substantially justified,' this court must award fees to plaintiff, the prevailing party." *Id.* Plaintiff does not elaborate further as to why he should be considered a "prevailing party" under the meaning of the EAJA.

The Court finds that plaintiff has misconstrued this Court's March 8, 2012 Order for remand, and that as of this juncture plaintiff cannot be considered a "prevailing party" under the statute. As stated above, this case was remanded out of concern that plaintiff had not been afforded the process he was legally due, i.e. remanded so the ALJ could hold a hearing on plaintiff's DAC claim. This issue was not raised by plaintiff in his motions, but rather initiated by the Court. As to the substantive arguments plaintiff did raise, the Court "decline[d] to reach the parties' arguments for summary

4

judgment" in its Order. While the EAJA does not define a prevailing party, it is well established that a plaintiff must obtain "at least some relief on the merits of [her] claim." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dept. of Health & Human Res.*, 532 U.S. 598 (2001). In this case, plaintiff had not obtained relief on the merits of his claim from this Court. Furthermore, the Ninth Circuit has held that "under the law of this circuit . . . even a significant procedural victory which implicates substantive rights is not sufficient to make a party a prevailing party under EAJA." *Escobar v. Bowen*, 857 F.2d 644, 646 (9th Cir. 1988). In *Escobar,* the plaintiff obtained remand based on the ALJ's failure to inform her of her right to an attorney. *Id.* at 647. However, the Ninth Circuit found that while the district court's decision benefitted the plaintiff, it had remanded on a procedural ground and therefore did not reach the merits of her action.

*Escobar* is analogous to the instant case in that this Court also remanded on a procedural ground, which benefitted ths plaintiff but did not address the merits of his claim. Moreover, the ground on which the Court remanded was not raised or argued by plaintiff. Therefore, plaintiff did not "succeed on any significant issue . . . [he] sought in bringing [the] suit" as required by the EAJA. *Texas State Teachers Ass'n v. Garland Independent School Dist.,* 489 U.S. 782, 785 (1989).

## CONCLUSION

For the foregoing reasons, this court hereby DENIES plaintiff's motion for attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: July 25, 2012

SUSAN ILLSTON
United States District Judge