**United States District Court**
For the Northern District of California

1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10

11

MICHAEL J. VICARI,

                  Plaintiff,

    v.

MICHAEL J. ASTRUE,

                  Defendant.

                              /

No. C 09-05238 SI

**ORDER AMENDING PRIOR ORDER AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

12

13

14

15

16

17

       On July 25, 2012, the Court denied plaintiff's motion for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA").  Currently before the Court is plaintiff's motion to alter or amend that Order, which is set for hearing on September 7, 2012.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing.  Having considered the papers submitted, and for good cause shown, the Court hereby grants plaintiff's motion and awards attorneys fees and costs as discussed below.

18

19

20

21

22

23

24

       Initially, the Court denied plaintiff's motion for EAJA fees and costs because the procedural ground on which the Court ordered the case remanded – for the ALJ's failure to hold a hearing on plaintiff's claim for Disabled Adult Child ("DAC") benefits, which resulted from plaintiff's counsel's error and with  plaintiff's counsel's acquiescence – meant that plaintiff did not prevail on the relief he sought.  *See* July 25, 2012 Order, Docket No. 36.[1]  In the briefing on this motion, however, the government concedes two key points: first, that under applicable authority plaintiff is nonetheless

25

26

27

28

---

    [1]  Plaintiff argues that this Court committed clear error in the July 25, 2012 Order by relying on *Escobar v. Bowen*, 857 F.2d 644 (9th Cir. 1988), because that case was overruled by *Rueda-Menicucci v. INS*, 132 F.3d 493 (9th Cir. 1997).  However, *Rueda-Menicucci* overruled a different case, namely *Escobar Ruiz v. INS*, 787 F.2d 1294 (9th Cir. 1986), *aff'd en banc*, 838 F.2d 1020 (9th Cir. 1988).  *See Rueda-Menicucci v. INS*, 132 F.3d at 494.  Plaintiff has not shown that *Escobar v. Bowen* has been directly overruled on the point that "a significant procedural victory which implicates substantive rights is not sufficient to make a party a prevailing party under EAJA." 857 F.2d at 646.  However, the Court recognizes that the distinction drawn in *Escobar v. Bowen* may no longer be persuasive following *Shalala v. Schaefer*, 509 U.S. 292 (1993).

**United States District Court**
For the Northern District of California

1 considered a "prevailing party" for purposes of EAJA fees and, second, that the remand issued by the

2 Court was a "sentence four" remand. *See* Docket No. 38.

3      In opposing the motion to alter or amend, the government's sole argument is that the Court's

4 prior order denying fees and costs was correct because the government was "substantially justified" in

5 defending plaintiff's case. Specifically, the government argues that it was substantially justified in

6 defending the arguments which plaintiff actually made – that the ALJ below reached the wrong decision

7 on the evidence before it as to plaintiff's DAC benefits claim – and which the Court did not reach in

8 ordering remand. While the Court agrees with defendant's point that "Plaintiff obtained remand from

9 this Court *despite* his counsel's work on this case," Docket No. 38 at 4 (emphasis in original), the Court

10 cannot say that defendant's defense of this action, as well as its actions below, were substantially

11 justified. As the Ninth Circuit has noted, in considering an award under the EAJA "district courts

12 should focus on whether the government's position on the particular issue on which the claimant earned

13 remand was substantially justified, not on whether the government's ultimate disability determination

14 was substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010) (citing *Flores v.*

15 *Shalala*, 49 F.3d 562 (9th Cir. 1995)). In this case, like plaintiff, defendant failed to address the

16 significant procedural error committed by the ALJ in failing to hold a hearing on plaintiff's DAC

17 benefits claim. The government's position, therefore, was not substantially justified.

18      Plaintiff has asked the Court for an award of $7,516.53, representing 37.7 hours of attorney time

19 and 8.05 hours of paralegal time at rates within the range required by statute and which the government

20 does not object to. The government, however, objects to certain time entries (6 hours of attorney time

21 and 4.2 hours of paralegal time) arguing that they are excessive and duplicative. The Court has

22 reviewed each objection and based on the specific facts of this case (subject matter, arguments actually

23 raised, success of plaintiff's argument and reasonable amount of time required) finds as follows: the

24 amount of time counsel spent on the motion for summary judgment was excessive (in light of the small

25 amount of original content in the brief and counsel's familiarity with the proceedings below) and should

26 be reduced by 2 hours (2 hours at $175.06/hr = $350.12); the two hours of time the paralegal spent

27 reviewing four pieces of routine correspondence from the Court is also excessive and shall be reduced

28 by one hour (1 hour at $106.00/hr); and the amount of time counsel spent on reviewing the Court's short

1  OSC was also excessive and shall be reduced by 1 hour (1 hour at $180.59).  The remainder of the time

2  spent appears reasonable and compensable.

3        After deducting $636.71 for the excessive and unreasonable hours, the Court awards plaintiff

4  EAJA fees in the amount of $6879.82.  Pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the fees

5  are payable to plaintiff.  The Commissioner may, in his discretion, direct the payment to plaintiff's

6  counsel pursuant to the assignment of fees made by plaintiff to his counsel.

7

8

9        **IT IS SO ORDERED.**

10

11  Dated: September 6, 2012

12                                              SUSAN ILLSTON
                                                United States District Judge

United States District Court
For the Northern District of California