United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. VICARI,

    Plaintiff,

  v.

MICHAEL J. ASTRUE,

    Defendant.

No. C 09-05238 SI

**ORDER RE SUPPLEMENTAL FEE REQUEST**

Currently before the Court is plaintiff's supplemental fee request under the Equal Access to Justice Act ("EAJA") for time plaintiff's counsel spent seeking to modify the Court's prior denial of EAJA fees. Plaintiff's motion is currently scheduled for hearing on October 12, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing.

On September 6, 2012, after initially denying plaintiff's motion for an award of attorneys' fees and costs under the EAJA, the Court granted plaintiff's motion to amend and awarded plaintiff $6,879.82 in EAJA fees and costs. Docket No. 44. That award, however, did not include fees for the time plaintiff's counsel spent seeking amendment, because plaintiff did not seek reimbursement for that time in his initial or reply brief. Plaintiff's counsel declares that he intended to seek payment for the time spent on the motion to amend immediately upon being informed that the Court intended to take the matter under submission or immediately following the appearance at the hearing on the motion to amend. *See* Second Supp. Decl. of Harvey P. Sackett at 2.

Therefore, the day after the Court issued its order awarding fees to plaintiff, plaintiff submitted the motion currently at issue, seeking an award for fourteen hours plaintiff's counsel spent seeking amendment and award of the EAJA fees and filing this motion. The government opposes the most recent motion, arguing that the request is untimely, plaintiff should not be awarded fees for his Rule 59(e) motion, and the fees sought are excessive.

The Court finds that plaintiff should be awarded reasonable fees incurred in litigating the Rule 59(e) motion to amend. However, the Court also recognizes that plaintiff could have sought these fees in connection with the Rule 59(e) motion to amend. In other words, plaintiff should have sought an award for time spent on filing the motion to amend in his opening brief and included the additional time plaintiff's counsel incurred to respond to the government's opposition by seeking additional fees in his reply. By failing to do so, plaintiff has multiplied the proceedings and, now, seeks additional fees for bringing this motion. *See, e.g., Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010) (noting the Supreme Court has cautioned district courts against entertaining "extensive collateral litigation" under the EAJA).

Therefore, the Court will not award plaintiff any fees for the time his counsel spent after August 31, 2012, the date his reply in support of the Rule 59(e) motion was filed. The Court also finds – especially when compared to the time plaintiff's counsel spent litigating the merits of the underlying case – that 7.6 hours was not a reasonable amount of time to spend on responding to the government's four page opposition to the motion to remand, which largely reiterated the arguments raised in the government's initial opposition to plaintiff's request for EAJA fees. The Court finds that five (5) hours is the maximum reasonable amount of time.

The Court awards plaintiff 9.2 hours for time reasonably expended, amounting to $1150.00.

**IT IS SO ORDERED.**

Dated: October 4, 2012

SUSAN ILLSTON
United States District Judge