IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. VICARI,

    Plaintiff,

v.

MICHAEL J. ASTRUE,

    Defendant.

No. C 09-05238 SI

**ORDER GRANTING APPLICATION FOR AWARD OF ATTORNEY'S FEES**

Currently before the Court is plaintiff's application for an award of attorneys fees, following this Court's remand, a favorable determination by the Social Security Administration on remand, and an award of past due benefits. Docket No. 49. Plaintiff's counsel is seeking an award from plaintiff of $13,123.50 under 42 U.S.C. § 406(b), which would be reduced by $8,029.82 in fees this Court has already awarded counsel under the Equal Access to Justice Act, for a net fee award of $5,093.68. The government does not object to the fee request. Docket No. 51.

Section 406(b) of the Act provides that when a plaintiff prevails on a judgment, the Court may determine a reasonable fee for the plaintiff's counsel, which can be no more than 25 percent of the plaintiff's entitlement to the total past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Court must review counsel's request for fees "as an independent check" to assure that the contingency fee agreement will "yield reasonable results in particular cases." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead

§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 808-09. The Court should consider the character of the representation and the results achieved in making its determination. *Id*. An award of § 406 fees is offset by any award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

The Court finds that the amount of fees sought is reasonable. As an initial matter, the Court finds that the fee agreement is within the statutory ceiling: the fee agreement between plaintiff and his counsel provides that if plaintiff received a favorable decision, plaintiff agreed to pay counsel a fee the lesser of 25 percent of the past-due benefits awarded or $6,000. The Court further finds that plaintiff's counsel assumed a substantial risk of not recovering attorney's fees because the claims had been denied after exhausting administrative remedies. The work by plaintiff's counsel was not insubstantial; plaintiff's counsel was successful in having this matter remanded back to the Social Security Agency and plaintiff prevailed on remand and obtained past-due benefits as well as ongoing benefits. After review of the record, the Court finds that the requested attorney's fees are reasonable and do not constitute a windfall. *See Gisbrecht*, 535 U.S. 789; *see Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036- 37 (N.D. Cal. 2003).

Having considered plaintiff's counsel's application, the Court GRANTS the application and awards plaintiff's counsel a net fee award of $5,093.68 under § 406(b).

**IT IS SO ORDERED.**

Dated: January 23, 1013

SUSAN ILLSTON
United States District Judge